UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NEVA DOIEL,

                              Plaintiff,

        v.

SMITH'S FOOD & DRUG CENTERS,
INC., *et al.*,

                              Defendants.

Case No. 3:19-cv-00390-MMD-CBC

ORDER

## I.    SUMMARY

Plaintiff Neva Doiel sued Defendants Smith's Food & Drug Centers, Inc., the Kroger Co., and Kroger Dedicated Logistics (collectively, "Smith's"), after an employee ran into her while pushing a cart stacked high with food, she fell, and was injured in one of Smith's grocery stores in Dayton, Nevada. (ECF No. 1-1.) Smith's removed the case to this Court. (ECF No. 1.) Before the Court is Plaintiff's motion to remand, which is based on the contention that Smith's' removal was untimely (the "Motion").[1] (ECF No. 9.) Because Plaintiff's pre-litigation demand letter did not start the removal clock running under applicable Ninth Circuit precedent, and as further explained below, the Court will deny the Motion.

## II.    BACKGROUND

The following allegations come from the Complaint. (ECF No. 1-1.) Plaintiff was shopping in the frozen aisle of a Smith's grocery store in Dayton, Nevada. (*Id.* at 3-4; *see also* ECF No. 9-1 at 8-12.) An employee pushed a cart loaded with food into her. (ECF No. 1-1 at 4.) Plaintiff was knocked over and injured. (*Id.*)

_____

[1]Smith's filed a response (ECF No. 11), and Plaintiff filed a reply (ECF No. 12).

Plaintiff filed her Complaint in the Second Judicial District Court in and for the County of Washoe (ECF No. 1-1 at 2), and Smith's removed based on diversity jurisdiction (ECF No. 1 at 1). Plaintiff appears to assert a single claim of negligence in her Complaint. (ECF No. 1-1 at 4.) Plaintiff seeks general and special damages in excess of $15,000 and her costs of suit. (*Id.*)

As to Smith's' removal and the arguments presented in the Motion, Plaintiff sent a demand letter on February 6, 2019 to Sedgwick, Smith's' third-party claims administrator, stating that Plaintiff suffered $198,287.71 in medical expenses and $222,420.00 in lost wages as a result of this accident. (ECF Nos. 9 at 2, 9-1 at 24.) Sedgwick wrote back on February 12, 2019 that it could neither accept nor reject Plaintiff's demand. (ECF No. 9-1 at 25.) Plaintiff filed her Complaint in state court on April 15, 2019, and Smith's was served on May 2, 2019. (ECF Nos. 1-1 at 2, 9 at 2, 9-2.) Plaintiff filed a notice of exemption from arbitration in the state court proceeding on June 20, 2019 that also identified Plaintiff had incurred medical expenses sufficient to satisfy the amount-in-controversy requirement. (ECF Nos. 9 at 3, 11 at 4.) Smith's removed the case to this Court on July 11, 2019, citing Plaintiff's notice of exemption from arbitration as the document indicating the amount-in-controversy requirement was satisfied. (ECF No. 1 at 2.)

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at the commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

(emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *See Kokkonen*, 511 U.S. at 377.

Removability under 28 U.S.C. § 1446(b) is determined through "examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The *Harris* court continued:

> Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper.

*Id.* (citing 28 U.S.C. § 1446(b)).

## IV.    DISCUSSION

Plaintiff does not request a specific amount of damages in the Complaint, instead alleging both general and special damages in excess of $15,000. (ECF No. 1-1.) But the parties agree they are diverse and the amount in controversy exceeds the $75,000 jurisdictional threshold. (ECF No. 9 at 3-4, 11 at 7-8.)

Plaintiff's only argument in her Motion is this case should be remanded because Smith's' removal was untimely. (ECF No. 9 at 3-4.) She specifically argues that Smith's should have known this case was removable earlier than Smith's claims to have become aware of its removability because the demand letter she sent back in February 2019 indicated the amount-in-controversy requirement was satisfied. (*Id.* at 4.) Smith's counters that it timely removed this case because it was not clear from the face of Plaintiff's Complaint that the amount-in-controversy requirement was satisfied, and her pre-litigation demand letter should not be deemed incorporated into her Complaint under binding Ninth Circuit precedent. (ECF No. 11 at 5-7.) The Court agrees with Smith's.

The Court will retain jurisdiction over this case because Smith's' removal was timely, and the parties otherwise do not contest the Court's jurisdiction. The Ninth Circuit

has explicitly rejected the subjective knowledge test that Plaintiff's Motion relies on. *See Harris*, 425 F.3d at 694; *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885-86 (9th Cir. 2010); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141-42 (9th Cir. 2013). Plaintiff's pre-litigation demand letter did not start the removal clock. *See Carvalho*, 629 F.3d at 885 ("It is axiomatic that a case cannot be removed before its inception."). It is unclear from the face of Plaintiff's Complaint the amount-in-controversy requirement is satisfied here. (ECF No. 1-1.) *See also Harris*, 425 F.3d at 692-98. Thus, Smith's timely removed within 30 days of receiving Plaintiff's notice for exemption from arbitration in the state court proceedings. (ECF Nos. 1, 9 at 3, 11 at 4.) The Court will therefore deny the Motion.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 9) is denied.

DATED THIS 27th day of September 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE